# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 08-11261 (KG) <br> ) <br> ) Jointly Administered <br> ) <br> ) **Related Docket No. 2218** <br> ) |
| WJ Holdings Liquidating Company, et al.,[1] | |
| Debtors. | |

## ORDER DISMISSING CHAPTER 11 CASES

Pursuant to (i) that *Debtors' Motion for an Order Pursuant to Sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code and Rules 1017 and 2002 of the Federal Rules of Bankruptcy Procedure (A) Approving Procedures for (I) the Distribution of Certain Funds to Holders of Allowed Administrative Claims and to PWJ Lending II LLC, as Agent for Term Lenders, and (II) the Dismissal of the Debtors' Chapter 11 Cases and (B) Granting Certain Related Relief*, filed on March 2, 2010 [Docket No. 1987] (the "Motion"),[2] (ii) that Order granting the Motion, entered on March 22, 2010 [Docket No. 2017], and (iii) that *Certification of Counsel and Request for Entry of an Order Dismissing Chapter 11 Cases*, filed on August 13, 2010 [Docket No. 2218], it is

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed.

2. Pursuant to Section 303 of the Delaware General Corporation Law, notwithstanding anything contained in their respective organizational documents to the contrary,

---

[1] The Debtors in the cases, along with the last four digits of each Debtor's federal tax identification number, are: WJ Holdings Liquidating Company (4126) and WJI Liquidating Company (3610). The address for both Debtors is P.O. Box 469, Winnetka, IL 60093.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

each of the Debtors is hereby authorized to dissolve without board or shareholder approval and without any further action by their directors or shareholders, and the Debtors' authorized representative is hereby authorized to file, as and when such representative determines to do so, with the Secretary of State for the State of Delaware (and any and all other applicable state or local filing offices) a copy of this Order and such other documents as may be necessary to effect such dissolution.

3. Notwithstanding section 349 of the Bankruptcy Code, this Order and all prior orders of the Court entered in these chapter 11 cases, including, without limitation, the Approval Order, the order approving the Global Settlement Agreement, the orders approving the various Asset Sales, and the orders respecting debtor in possession financing and the use of cash collateral, shall survive the dismissal of these chapter 11 cases.

4. All professionals retained in these cases by the Debtors or the Committee seeking allowance and payment of final fees and expenses shall file final fee applications (collectively, the "Final Fee Applications") by August 27, 2010. Objections, if any, to such Final Fee Applications shall be filed and served by September 13, 2010 at 4:00 p.m. (prevailing Eastern Time). A hearing on the Final Fee Applications shall be held on September 20, 2010 at 9:30 a.m. (prevailing Eastern Time). For the avoidance of doubt, notwithstanding the prior dismissal of these chapter 11 cases, the Court shall retain jurisdiction to consider and act upon the Final Fee Applications.

5. Any funds remaining in the Professional Fee Escrow after the payment in full of all professional fees awarded by the Court on a final basis and any funds remaining in the Wind-Down Reserve after the payment in full of all accrued UST Fees and other wind-down expenses, may be remitted to PWJ, as agent for the Term Lenders, without further order of the Court.

2

6. After the payment in full of all professional fees awarded on a final basis and the payment in full of all accrued UST Fees and other wind-down expenses, the Debtors are authorized to assign any receivables and other assets that have not been reduced to cash to PWJ, without further order of the Court.

7. All adversary proceedings with respect to which the Debtors are parties shall be dismissed without costs or expense to any of the parties thereto.

8. BofA shall remit any funds maintained on deposit with BofA by or on behalf of the Debtors' estates (including, without limitation, with respect to the use of BofA's cash management systems, and BofA's legal fees and other expenses) to the Debtors within three (3) business days of entry of this Order.

9. Effective as of the date of this Order, Epiq Bankruptcy Solutions, LLC ("Epiq") shall be relieved of its responsibilities as the Debtors' claims and noticing agent in these chapter 11 cases.

10. The Debtors (including, without limitation, their consultants, agents, professionals and Epiq) are authorized to destroy all remaining documents and records not previously destroyed in accordance with the Debtors' Court-approved Document Retention and Destruction Policy. Any such documents and records containing "personally identifiable information" (within the meaning of Section 101(41A) of the Bankruptcy Code) shall be shredded.

11. The Debtors are authorized to take all actions necessary to implement this Order.

12. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the interpretation or implementation of this Order and any

other order of the Court entered in these chapter 11 cases.

Dated: August 16, 2010
      Wilmington, Delaware

                                                  _____
                                                  Honorable Kevin Gross
                                                  United States Bankruptcy Judge